# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
ROBERT S. WORTHY,              *
                               *
     Plaintiff,                *
                               *
vs.                            *      CV 508-087
                               *
THE SOCIAL SECURITY            *
ADMINISTRATION and DEPT. OF    *
IMMIGRATION AND                *
NATURALIZATION,                *
                               *
     Defendants.               *
```

### ORDER

Plaintiff Worthy's complaint seeks four forms of relief. He seeks: (1) nullification of all documents bearing his social security number, (2) a declaration that he was not born in territory over which the federal government may exercise sovereignty, (3) a refund of all taxes he has paid into the federal social security program, and (4) a declaration that, because he was born outside the jurisdiction of the United States, he is not a citizen of this country. See Compl. (Dkt. No. 1).

Defendants have moved to dismiss the entirety of the complaint on a number of grounds. See (Dkt. No. 13, 19).

The Court **GRANTS** Defendants' first motion to dismiss. (Dkt. No. 13).

The Court grants Defendants' motion on two grounds. First, Plaintiff has shown no waiver of sovereign immunity. Unless waived, sovereign immunity shields federal agencies, such as Defendants in the instant action, from suit. <u>Dep't of Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 260 (1999). The United States may validly assert sovereign immunity even in suits for nonmonetary relief. <u>Huffstutler v. Bergland</u>, 607 F.2d 1090, 1092 (5th Cir. 1979);[1] <u>accord</u> <u>Beale v. Blount</u>, 461 F.2d 1133, 1137 (5th Cir. 1972); <u>U.S. v. Timmons</u>, 672 F.2d 1373, 1380 (11th Cir. 1982).

"[T]he plaintiff bears the ;2718;2718burden of establishing . . . an explicit ;2741;2741waiver of [sovereign] immunity." <u>Ishler v. Internal Revenue</u>, 237 Fed. Appx. 394, 398 (11th Cir. 2007) (citing <u>Sweet Pea Marine, Ltd. v. APJ Marine, Inc.</u>, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)); <u>accord</u> <u>Freeman v. U.S.</u>, 556 F.3d 326, 334 (5th Cir. 2009). Plaintiff in the case at bar has not pointed to any

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.3d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions predating September 30, 1981.

waiver of sovereign immunity, and therefore has not carried that burden.  See generally Compl. (Dkt. No. 1).  Therefore, dismissal is proper on grounds of sovereign immunity.

Second, Plaintiff's contention that he may opt out of paying taxes for social security programs lacks merit.  Payment of taxes that fund federal social security programs is mandatory.  U.S. v. Lee, 455 U.S. 252, 258-60 (1982) (Amish could not opt out of social security payments).

**CONCLUSION**

Because Plaintiff has not carried his burden with regard to sovereign immunity and because Plaintiff may not opt out of social security taxes, the Court **GRANTS** Defendant's motion to dismiss.  (Dkt. No. 13).

Defendants' subsequent Motion for Dismissal for Want of Prosecution (Dkt. No. 19) and Plaintiff's subsequent Motion to Dismiss (Dkt. No. 20) are **DENIED** as moot.

**SO ORDERED** this ___4th___ day of August, 2009.

_____
Judge, United States District Court
Southern District of Georgia